# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7221 PA (JEMx) | Date | February 9, 2010 |
|---|---|---|---|
| Title | Garbiela Rios v. Home Loan Funding, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    **IN CHAMBERS**

      The Court has reviewed plaintiff Gabriela Rios's ("Plaintiff") Complaint. Plaintiff, who is appearing pro se, alleges claims against defendants Home Loan Funding, Inc., Deutsche Bank Trust Company Americas, and GMAC Mortgage, LLC (collectively "Defendants") arising out of a home loan Plaintiff received from Defendants in February 2007. Plaintiff alleges that Defendants failed to accurately make disclosures required under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602, et seq., 1692, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and a variety of state laws.

      According to the Complaint, Plaintiff received a Notice of Default on her loan in July 2008, and a Notice of Trustee's Sale in November 2008. Plaintiff further alleges that she filed for bankruptcy under Chapter 13 of the Bankruptcy Code in December 2008. Plaintiff's bankruptcy petition was given Case No. SV08-19698 MT. In March 2009, the United States Bankruptcy Court for the Central District of California issued an order confirming Plaintiff's Chapter 13 Plan. Plaintiff commenced this action on October 2, 2009. To date, only defendant GMAC Mortgage, LLC has appeared in the action.[1/] In its pending Motion to Dismiss, GMAC contends that Plaintiff's federal claims are barred by the applicable statutes of limitation. GMAC's Motion also argues that Plaintiff has not alleged sufficient facts to support her claims.

      Before it addresses the issues raised in GMAC's Motion, it appears that Plaintiff may not be the proper party to prosecute the claims alleged in her Complaint. See Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). Specifically, because Plaintiff's claims relate to events occurring prior to the filing of her bankruptcy petition, those claims are property of the bankruptcy estate. "A bankruptcy estate consists of 'all legal or equitable interests of the debtor in

---

      [1/]    The remaining defendants do not appear to have been properly served. Plaintiff's lack of prosecution against those defendants is the subject of a pending order to show cause issued by the Court on February 8, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7221 PA (JEMx) | Date | February 9, 2010 |
|---|---|---|---|
| Title | Garbiela Rios v. Home Loan Funding, Inc. et al. | | |

property as of the commencement of the case.'  It is well settled that prepetition causes of action, including TILA claims, are assets included within the meaning of property of the estate."  Runaj v. Wells Fargo Bank, No. 09-CV-1320-IEG(BLM), 2009 WL 3234182, at *5 (S.D. Cal. Sept. 30, 2009) (citations omitted) (quoting 11 U.S.C. § 541(a)(1)).  "Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate."  Griffin v. Allstate Ins. Co., 920 F. Supp. 127, 130 (C.D. Cal. 1996).  Here, a review of the filings in Plaintiff's bankruptcy case, documents of which the Court may take judicial notice, indicates that Plaintiff did not include her prepetition claims against Defendants as assets of the bankruptcy estate.  "Where a debtor fails to schedule a potential claim with the bankruptcy court, the claim remains the property of the bankruptcy trustee, not the debtor."  Yack v. Washington Mutual Inc., 389 B.R. 91, 96 (Bankr. N.D. Cal. 2008).  Nor did Plaintiff claim that these claims were exempt from inclusion in the bankruptcy estate.  See Runaj, 2009 WL 3234182, at *5.

It therefore appears that it is the bankruptcy trustee, and not Plaintiff, who is the only party with standing to pursue the claims alleged in Plaintiff's Complaint.  The Court therefore orders Plaintiff to show cause in writing why this action should not be dismissed for failure to be brought by the real party in interest.  Plaintiff's response to this order to show cause shall be filed by February 19, 2010.  The failure to file a timely or adequate response to this order to show cause may result in the dismissal of this action.

Defendants may file a response to Plaintiff's response to the order to show cause no later than March 1, 2010.  The Court continues the hearing on GMAC's Motion to dismiss from February 22, 2010, to March 8, 2010, at 1:30 p.m.  GMAC's Reply in Support of its Motion to Dismiss shall be filed by March 1, 2010.

IT IS SO ORDERED.